## NEGLIGENCE ON PART OF MUNICIPALITY.

Circuit Court of Hamilton County.

CECELIA CAVEY V. CITY OF CINCINNATI.

Decided, June 19, 1909.

*Dangerous Sidewalk—Bordering on Unguarded Wall Over which a Pedestrian Might Fall—Liability of the Municipality—Pleading—Variance—Interrogatories.*

Where a street and sidewalk run so near an unguarded retaining wall as to create the impression that the wall is within the line of the sidewalk; the municipality is liable for injuries sustained by a pedestrian who fell over the wall; and a variance between the allegations of the petition and the proof as to the location of the wall is not material.

*Charles F. Williams* and *Outcalt & Hickenlooper,* for plaintiff in error.

*Albert H. Morrill,* for the city.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur. .

Interrogatory No. 1 when strictly construed is not relevant to the issues and is misleading. It is as follows:

* "Was the sidewalk within the limits of the lines of Oregon street, at the place where the plaintiff was injured, in a reasonably safe condition for travel in the ordinary modes?" Answer: "Yes."

This was equivalent to asking the jury whether a traveler or footman who kept within the limits of the lines of the street would be safe. No such issue was presented. by the pleadings. The danger lay not within the lines of the street, but adjacent, and consisted of a precipitous retaining wall, over which a footman using the sidewalk in the ordinary way might fall, not because within the lines of the street, but because so near them that such result might and would be reasonably anticipated.

Interrogatory No. 13 is as follows:

"Was the street and sidewalk within the limits of Oregon street, at the point where and at the time when plaintiff was

injured, dangerous under ordinary circumstances to persons using ordinary care to keep upon the proper path?" Answer: "No."

Strictly speaking neither the street or sidewalk was in itself dangerous, but the nearness of the sidewalk to a steep unguarded wall made it dangerous for use in the ordinary mode.

The answer to interrogatory No. 14 that the city had no notice of the dangerous condition is not material, as it existed so long that the law presumes notice.

The answers to interrogatories 2, 5, 6, 11 and 12 are consistent with the general verdict in favor of the plaintiff, and determine the essential facts in issue. It follows therefore that the court erred in rendering judgment for the defendant.

The variance between the allegation of the petition and the proof of the location of the wall is not material; because to the ordinary observer it was a part of the sidewalk and within the limits of the street, although in fact without. The liability of a municipal corporation for not guarding against a danger so near the sidewalk is recognized in the case of *Kelley* v. *City of Columbus*, 41 O. S., 263.

Judgment reversed and judgment for plaintiff in error on the authority of *Cincinnati Gas & Electric Co.* v. *Archdeacon, Administrator*, 80 O. S., ——.